Robert J. Berens, Esq. (SBN 141647)
Teresa L. Polk, Esq. (SBN 111975)
**SMTD LAW LLP**
17901 Von Karman Avenue, Suite 500
Irvine, CA 92614
Telephone No.: (949) 537-3800
Emails: rberens@smtdlaw.com;
tpolk@smtdlaw.com

Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation, | Case No. |
| Plaintiff, | *Unlimited Jurisdiction* |
| v. | **GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT FOR MONEY DAMAGES, SPECIFIC ENFORCEMENT, AND INJUNCTIVE RELIEF, AND QUIA TIMET** |
| CALIFORNIA ENVIRONMENTAL SYSTEMS, INC., a California corporation; CARTER S. PIERCE, JR., an individual; ELIZABETH PIERCE, an individual; and JEANETTE PIERCE, an individual, | |
| Defendants. | |

SMTD Law LLP
A LIMITED LIABILITY
PARTNERSHIP

-1-

**GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT**

Plaintiff Great American Insurance Company (herein "GAIC" or "Surety") hereby alleges as follows against California Environmental Systems, Inc., a California corporation; Carter S. Pierce, Jr., an individual; Elizabeth Pierce, an individual; and Jeanette Pierce, an individual (sometimes collectively referred to herein as "Defendants" or "Indemnitors"), jointly and severally, as follows:

## PARTIES

1.      GAIC is an Ohio corporation with its principal place of business and corporate headquarters located in Cincinnati, Ohio.  GAIC is registered and licensed to transact business as a surety in the State of California.

2.      California Environmental Systems, Inc. ("California Environmental") is a California corporation with its principal place of business in Auburn, California.

3.      Carter S. Pierce, Jr., Elizabeth Pierce, and Jeanette Pierce are citizens of the State of California residing in the City of Auburn, Placer County, California.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is (a) complete diversity of citizenship between Plaintiff GAIC and the Defendants because Plaintiff GAIC is a citizen of the State of Ohio and all of the Defendants are citizens of the State of California; (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391 in that (a) most of the Defendants reside in this district in the State of California and (b) a substantial part of the events or omissions giving rise to the Surety's claim occurred in this district.

## GENERAL ALLEGATIONS

6.      On or about August 12, 2021, to induce GAIC to issue certain surety bonds, Defendants, and each of them, executed a written Agreement of Indemnity (the "Indemnity Agreement") in favor of GAIC for any and all loss or expense that GAIC incurred in connection with issuing said surety bonds.  A true and accurate

SMTD Law LLP
A LIMITED LIABILITY
PARTNERSHIP

**GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT**

copy of the Indemnity Agreement is attached hereto as **Exhibit "A"** and fully incorporated herein for all purposes.

7.     The  Indemnity Agreement provides, in part, as follows:

SECOND: The Undersigned, jointly and severally, shall exonerate, indemnify, hold harmless and keep the Surety indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of being requested to execute or procure, or having executed or procured the execution of Bonds on behalf of any of the Undersigned, (2) By reason of the failure of the Undersigned to perform or comply with any of the covenants and conditions of this Agreement or (3) In enforcing any of the terms, covenants or conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Undersigned, upon demand by the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. The amount of such payment to the Surety by the Undersigned shall be determined by the Surety and the Surety's demand for payment hereunder may, at the Surety's option, be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with the Surety by or on behalf of the Undersigned."

*See* SECOND paragraph, Indemnity Agreement.

8.     GAIC issued the following construction contract performance and payment surety bonds on behalf of California Environmental, as principal, and naming the following as obligees, with bond limits as shown for each bond, for construction projects described below (herein the "Bonds"):

| Bond No. | Obligee | Project | Bond Limit |
|----------|---------|---------|------------|
| 3705068 | The Weitz Company | Enso Village Project | $7,358,386.52 |
| 4054904 | The Weitz Company | Mill District Phase I | $7,027,737.00 |
| 4532218 | Icenogle Construction | VA Plumbing Work | $1,083,950.00 |

True and accurate copies of the Bonds for the Enso Village Project are attached hereto as **Exhibit "B."**  True and accurate copies of the Bonds for the Mill District Project Phase I are attached hereto as **Exhibit "C."**  True and accurate copies of the Bonds for the VA Plumbing Work Project are attached hereto as **Exhibit "D."** Based on the foregoing bond limits for each referenced performance bond and each referenced payment bond (a total of 6 bonds on 3 projects), GAIC's total potential exposure on the Bonds is $30,940,147.04.

9.    On or about November 14, 2023, obligee, The Weitz Company ("Weitz") gave notice to GAIC that California Environmental was in default under its bonded Enso Village Project construction contract, that California Environmental was no longer authorized to enter the construction site without permission, and that Weitz asserted a claim against the Enso Village Project performance bond.

10.    On or about November 14, 2023, obligee, Weitz gave notice to GAIC that California Environmental was in default under its Mill District Phase I Project bonded construction contract, that California Environmental was no longer authorized to enter the construction site without permission, and that Weitz asserted a claim against the Mill District Phase I Project performance bond.

11.    Although obligee Icenogle Construction Management, Inc. ("Icenogle") has not yet made a performance bond claim on the Bonds written for the plumbing work for construct social work consolidated clinical space design-bid-build VA Northern California Healthcare System, Mather Campus ("VA Plumbing Work Project"), GAIC believes that it may receive such a performance bond claim in the near future.

/ / /

SMTD Law LLP
A LIMITED LIABILITY
PARTNERSHIP

**GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT**

12.     GAIC is now investigating the performance bond claims made by Weitz against the Enso Village Project performance bond and the Mill District Phase I Project performance bond.

13.     Moreover, Weitz has given notice that CES failed to pay five claimants that recorded Mechanic's Liens against the Enso Village Project (i.e., mechanic's liens recorded by Pace Supply Corp., Slakey Brothers, Inc., Thermal Systems Mechanical Insulation, Inc., DMG North, Inc., and ECB Corp. dba Omniduct) and failed to pay a claimant relating to the Mill District Phase I Project (i.e., Air Treatment). Moreover, based upon the Weitz's statement that California Environmental failed to pay its subcontractors and suppliers, GAIC anticipates that it may receive additional claims in the near future from subcontractors and suppliers against the Bonds.

14.     The Indemnity Agreement, obligates Defendants, and each of them, to make payment to GAIC as collateral security "as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor" (Indemnity Agreement, SECOND Paragraph, quoted above).   Moreover, the Indemnity Agreement, TENTH Paragraph, contains the following provision requiring the Defendants, and each of them, to make their books and records available to GAIC:

> At any time, and until such time as the liability of the Surety under any and all Bonds is terminated, the Surety shall have the right to examine and copy the books, records, and accounts of the Undersigned; and any bank depository, materialman, supply house, or other person, firm or corporation, when requested by the Surety, is hereby authorized and directed by the Undersigned to furnish the Surety with any information requested including, but not limited to, the status of the work under contracts being performed by the Undersigned, the condition of the performance of such contracts and payments of accounts. The

SMTD Law LLP
A LIMITED LIABILITY
PARTNERSHIP

**GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT**

Undersigned agree to provide any additional releases, requests, waivers or any other documents required in order to allow the Surety access to the requested information.

15.     The Indemnity Agreement, THIRD Paragraph, assigns to GAIC as security in the event of breach of the bonded contracts, breach of the Indemnity Agreement, and other circumstances as further described therein, all of the following:

(a) All the rights of the Undersigned in, and growing in any manner out of the Bonds or any contracts referred to in the Bonds;

(b) All the rights, title and interest of the Undersigned in and to all machinery, equipment, vehicles, plant, tools and materials which are now, or may hereafter be, about or upon the site or sites of any and all of the contractual work referred to in the Bonds or elsewhere, including materials purchased for or chargeable to any and all contracts referred to in the Bonds, materials which may be in process of construction, in storage elsewhere, or in transportation to any and all of said sites:

(c) All the rights, title and interest of the Undersigned in and to all subcontracts let or to be let in connection with any and all contracts referred to in the Bonds, and in and to all surety bonds supporting such subcontracts;

(d) All actions, causes of actions, claims and/or the proceeds therefrom and any demands whatsoever which the Undersigned may have or acquire against any party, including but not limited to owners, obligees, subcontractors, laborers or materialmen, architects, engineers or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools or other equipment in connection with or on account of any and all contracts referred to in the Bonds; and against any surety or sureties of any party including, but not limited to, prime contractors, subcontractors, laborers, or materialmen;

(e) Any and all percentages retained and any and all sums that may be due or hereafter become due on account of any and all contracts referred to in the Bonds and all other contracts whether bonded or not in which the Undersigned has an interest;

(f) any and all accounts receivable, marketable securities, rents, proceeds of sale, instruments, chattel paper, letters of credit, documents of title, bills of lading, federal tax refunds, state and local tax refunds, furniture and fixtures, inventory, and general intangibles;

(g) any and all policies of insurance;

(h) all intellectual property, including licenses, patents, copyrights, and trade secrets;

(i) all limited or general partnership interests.

On November 17, 2023, GAIC perfected its security interests in said property by filing a UCC-1 Financing Statement with the California Secretary of State.

16.     On or about November 21, 2023, GAIC, through its attorneys of record, sent a letter to the Defendants that stated:

"It is clear that CES is unable to prosecute the Bonded Projects, to pay its subcontractors, suppliers and laborers on the Bonded Projects, that CES cannot meet its obligations to GAIC under the Indemnity Agreement, and CES is in default under the Indemnity Agreement.

To date, The Weitz Company ("TWC") has given Notices of Default concerning both the Enso Village Project and the Mill District- Phase I Canopy Project because CES walked off of both of these projects. Additionally, TWC has given no less than five notices (i.e., notices demanding that CES removes Mechanic's Liens recorded by Pace Supply Corp., Slakey Brothers, Inc., Thermal Systems Mechanical Insulation, Inc., DMG North, Inc., and ECB Corp. dba Omniduct) that various subcontractors and suppliers have not been paid and filed Mechanic's Liens

against the Enso Village. Despite these notices from TWC, CES failed to pay these subcontractors/ suppliers and failed to remove the Mechanic's Liens from the Enso Village Project."

17.     Subsequently, on November 22, 2023, Weitz sent letters that terminated CES' Subcontracts on both the Enso Village Project and the Mill District Project, made demand on GAIC's Performance Bonds, and demanded "that GAIC honor the bond and complete the work." *See* **Exhibits "E"** and **"F"** attached hereto.

18.     GAIC's counsel's November 21, 2023 letter demanded that Defendants post collateral to cover anticipated claims against the Bonds as described therein, no later than November 24, 2023.  The Defendants have breached their contractual obligations to GAIC in that they have failed to post any sum as collateral, in those amounts or any other amounts, and in that they have not agreed to post any future collateral to cover claims against the Bonds.  A true and accurate copy of the collateral demand is attached hereto as **Exhibit "G."**

19.     On or about November 28, 2023, GAIC, through its attorneys of record, emailed legal counsel who was understood to be counsel for California Environmental, who was Estela Pino of the law firm of Pino & Associates, informing her of the Indemnity Agreement's obligation to provide books and records and requesting immediate access to all documents described therein.  GAIC is informed and believes that the Defendants, and each of them, were informed of that request. The Defendants have breached their obligations under the Indemnity Agreement in that they have failed to provide access to their books and records as required by the Indemnity Agreement.  A true and accurate copy of said email chain is attached hereto as **Exhibit "H."**

20.     As of the date of this Complaint, the following payment bond claims are now under review under two of the three payment bonds described above, and additional payment bonds are anticipated:

/ / /

| **Claimant** | **Project** | **Claim** |
|---|---|---|
| Aaction Rentals | Mill District | Unknown |
| Aaction Rentals | Enso Village | Unknown |
| Rocklin Windustrial | Mill District | $ 91,484.30 |
| Rocklin Windustrial | Enso Village | $149,725.93 |
| Thermal Systems | Enso Village | $267,200.00 |
| DMG North | Enso Village | $ 45,345.71 |
| Slakey Brothers | Enso Village | $ 85,387.18 |
| Precision Crane Service | Enso Village | Unknown |
| Ferguson | Enso Village | $ 76,630.54 |

A chart of the pending payment bond claims is attached hereto as **Exhibit "I"** hereto.

21.    As claims are received against the Bonds, and as GAIC determines the amount of its anticipated exposure to performance and payment bond claims as described above, GAIC expects to request additional collateral from the Defendants, and each of them, in amounts of up to the total bond limits of $30,940,147.04, plus such attorneys' fees and expenses as GAIC may incur in addressing said claims and prosecuting this civil action,  as GAIC determines to be proper under the terms of the Indemnity Agreement.

22.    Defendants, and each of them, are in breach of the existing demands for collateral and for access to their books and records, and it is anticipated that the Defendants will continue to breach their obligations to post cash collateral and make books and records available as additional claims are received.

## COUNT I

### (Breach of Contract Against All Defendants)

23.    GAIC hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

/ / /

24.     In failing to exonerate, reimburse, indemnify and hold GAIC harmless, and in failing to deposit cash collateral as demanded by GAIC, the Defendants, and each of them, have breached the terms of the Indemnity Agreement.

25.     GAIC has satisfied all conditions precedent to maintain this action under the Indemnity Agreement. GAIC has complied with all contractual requirements of the Indemnity Agreement that GAIC is required to perform to recover the damages and other relief sought by this action.

26.     As a direct and proximate cause of the Indemnitors' breach, GAIC has incurred significant damages, loss and expense arising out of enforcing the Indemnity Agreement and the Bonds, and is potentially liable to bond claimants, in an amount potentially up to $30,940,147.04 based on the penal sum limits of the bonds, plus pre-judgment interest accruing under California law, in such amount as to be proven at trial.

27.     GAIC has retained legal counsel to advise and represent GAIC in connection with GAIC's rights, duties and obligations arising as a result of the issuance of the Bonds and in the course of this civil action. GAIC has incurred, and will continue to incur, attorneys' fees and legal expenses both in the course of this action and also in connection with bond claims, all of which GAIC has a right to recover from the Defendants, and each of them, under the Indemnity Agreement.

28.     Under the Indemnity Agreement, the Indemnitors are jointly and severally liable to GAIC for the full amount of the cash collateral demanded, and which may in the future be demanded, and for all of GAIC's losses and expenses, including attorneys' fees, in connection with claims on the Bonds.

THEREFORE, GAIC requests a judgment as prayed for below.

## COUNT II

**(Specific Enforcement and Injunctive Relief for Breach of the Indemnity Agreement against All Defendants)**

SMTD Law LLP
A LIMITED LIABILITY
PARTNERSHIP

**GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT**

29. GAIC hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. GAIC incurred liability, losses, damages, costs, and expenses, and it will continue to incur losses, damages, costs, and expenses, including attorneys' fees, by virtue of, and as a direct consequence of, having issued the Bonds.

31. To date, the Defendants, and each of them, have breached their obligations under the Indemnity Agreement in that they have failed and/or refused to provide GAIC with collateral security as required by the terms of the Indemnity Agreement.

32. Moreover, the Defendants, and each of them, have breached their contractual obligations in that they have failed to provide GAIC with access to their books, records and accounts and have failed to provide GAIC with the matter assigned to GAIC in accordance with GAIC's perfected security interests described in the Indemnity Agreement.

33. GAIC demands specific performance and injunctive relief against the Defendants compelling each of them to fulfill their obligations under the Indemnity Agreement including, but not limited to, an order, preliminary injunction, and injunction of this Court requiring Defendants, and each of them jointly and severally, to (a) post cash collateral as required by the Indemnity Agreement; (b) deliver to GAIC all equipment, machinery, inventory, materials, and all proceeds and products in connection with the bonded Project pursuant to the assignment provisions of the Indemnity Agreement; and (c) make available to GAIC all of their books, records and accounts pursuant to the books and records provision of the Indemnity Agreement.

34. The specific performance and injunctive relief are necessary to preserve the status quo and to prevent significant, imminent, and irreparable harm to the Surety, as the Surety will suffer such harm if it does not receive the protection it has

a right to receive under the Indemnity Agreement.  As a direct and proximate result of the Indemnitors' breaches, GAIC is being irreparably harmed, and has been and will be incurring liability, losses, costs and damages, including attorney's fees.

35.     GAIC has no adequate legal remedy under the circumstances and is entitled to an order compelling Indemnitors to specifically perform under the Indemnity Agreement as sought herein.

THEREFORE, GAIC requests a judgment as prayed for below.

## COUNT III

### (*Quia Timet* As Against All Defendants)

36.     GAIC hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.     GAIC reasonably believes that it will incur immediate and substantial losses, costs, damages, attorneys' fees, and expenses by reason of, or in consequence of, the Bonds.

38.     The Defendants are obligated, under the equitable doctrine of *Quia Timet*, to post collateral security with GAIC for all losses, costs, damages, attorneys' fees, and expenses incurred by reason of, or in consequence of, the issuance and maintenance of the Bonds.

39.     GAIC is entitled to a prejudgment order requiring Defendants, and each of them, jointly and severally, to post collateral with GAIC in an amount sufficient to cover all claims, losses, costs, damages, attorneys' fees, and expenses incurred by reason of, or in consequence of, the issuance and maintenance of the Bonds.

THEREFORE, GAIC requests a judgment as follows:

## PRAYER

Wherefore, Plaintiff GAIC prays for judgment as follows against each of the Defendants, jointly and severally:

**GREAT AMERICAN INSURANCE COMPANY'S COMPLAINT**

1. For an award of monetary damages against Defendants and in favor of GAIC in an amount according to proof;

2. For a preliminary injunction, injunction and order of specific performance compelling Defendants, and each of them, to specifically perform by depositing collateral security in compliance with the terms of the Indemnity Agreement; and compelling them to deliver to GAIC all matter assigned to GAIC under the Indemnity Agreement as described herein;

3. For a preliminary injunction, injunction and order of specific performance compelling Defendants, and each of them, compelling them to make available to GAIC all books, records and accounts as required by the Indemnity Agreement;

4. For an order of *quia timet*, compelling Defendants in the course of this action to specifically perform by depositing collateral security in an amount reasonably sufficient to protect GAIC from claims against the Bonds;

5. For attorneys' fees incurred herein pursuant to contract;

6. For pre-judgment interest at the rate of 10% per annum pursuant to California law;

7. For post-judgment interest in accordance with federal law; and

8. For such other and further relief as the Court may deem just and proper.

Dated:   December 6, 2023           **SMTD LAW LLP**


By:/s/ Teresa L. Polk
Robert Berens
Teresa L. Polk
Attorneys for Plaintiff
GREAT AMERICAN INSURANCE
COMPANY